IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GARY J. LOMBARDO, | ) | No. C 09-0206 JSW (PR) |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER OF DISMISSAL WITH** |
| v. | ) | **LEAVE TO AMEND AND** |
| | ) | **INSTRUCTIONS TO THE CLERK** |
| R. L. AYERS, JR., Warden, E. | ) | |
| EVANS, Facility Captain, et al, | ) | |
| | ) | (Docket Nos. 2, 4) |
| Defendants. | ) | |
| | ) | |

Plaintiff, currently incarcerated at San Quentin State Prison in San Quentin, California, has filed a civil rights complaint under 42 U.S.C. § 1983 regarding his conditions of confinement at the prison.  Plaintiff has also filed two motions to proceed *in forma pauperis* (docket nos. 2, 4), which are now GRANTED in a separate order, filed simultaneously.  In this order, the Court reviews Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and dismisses the complaint with leave to amend within thirty days.

## DISCUSSION

Plaintiff has filed a complaint in which he claims that when he was seen by the "I.C.C.," he was released from "ASU housing" prison housing where he was placed after an assault without adequate investigation and, as a result, Plaintiff suffered another assault.  However, Plaintiff has failed to set forth a concise statement of the claim specifically identifying the actions of each named Defendant that give rise to the complaint.  Therefore, the complaint is dismissed with leave to amend as set forth below.

I      Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).  A claim that is totally incomprehensible may be dismissed as frivolous as it is without an arguable basis in law.  *Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins,* 487 U.S. 42, 48 (1988).

II     Legal Claims

A prisoner may state a § 1983 claim under the Eighth Amendment against prison officials where the officials acted with "deliberate indifference" to the threat of serious harm or injury to an inmate by another prisoner, *see Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986), 794 F.2d at 459; *see also Valandingham v. Bojorquez*, 866 F.2d 1135, 1138 (9th Cir. 1989).  Plaintiff's claims of deliberate indifference to safety may state a claim for relief.  However, the statement of claim in Plaintiff's complaint fails to specifically identify what officials he contends are responsible for any alleged constitutional violations.

A complaint that fails to state the specific acts of the defendant which violated the plaintiff's rights fails to meet the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure.  *Hutchinson v. United States,* 677 F.2d 1322, 1328 n.5 (9th Cir. 1982).

2

District courts must afford pro se prisoner litigants an opportunity to amend to correct any deficiency in their complaints. *Lopez v. Smith,* 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). Further, the complaint does not comply with the requirement that the averments be "simple, concise, and direct." Rule 8(d) requires that each averment of a pleading be "simple, concise, and direct," and may be the basis for dismissal. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant").

Plaintiff's complaint fails to provide a short and plain separate statement regarding his claim: the specifics regarding the mistreatment he suffered and the conduct of each individual Defendant that he asserts is responsible for any alleged constitutional violation. Plaintiff must specifically identify what each named defendant did or did not do in order to state a claim against them. As such, Plaintiff will be granted leave to amend to allege specifics.

In his amended complaint, Plaintiff must establish legal liability of each person for the claimed violation of his rights. Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633; *see, e.g., Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison official's failure to intervene to prevent 8th Amendment violation may be basis for liability).

With regard to the supervisory employees named, Plaintiff should be mindful that under no circumstances is there respondeat superior liability under section 1983. Or, in

layman's terms, under no circumstances is there liability under section 1983 solely because one is responsible for the actions or omissions of another. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir. 1984); *accord Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978) (local governments cannot be liable under § 1983 under respondeat superior theory). A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). Therefore, Plaintiff must specifically allege the basis of liability of each named Defendants, including any named supervisory Defendants.

Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. *Leer*, 844 F.2d at 634. Accordingly, the complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff will be provided with thirty days in which to amend to correct the deficiencies in his complaint.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The complaint is DISMISSED WITH LEAVE TO AMEND, as indicated above. Plaintiff shall file an amended complaint within ***thirty (30) days from the date of this order*** in which he asserts factual allegations against all Defendants named therein. The amendment must include the caption and civil case number used in this order and the words "COURT ORDERED AMENDED COMPLAINT" on the first page. Failure to amend within the designated time will result in dismissal of the complaint.

2. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint

1  which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644

2  F.2d 811, 814 (9th Cir. 1981).  Defendants not named in an amended complaint are no

3  longer defendants.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*,

4  506 U.S. 915 (1992).

5      3.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

6  Court informed of any change of address and must comply with the Court's orders in a

7  timely fashion.  Failure to do so may result in the dismissal of this action under Federal

8  Rule of Civil Procedure 41(b).

9      4.  The Clerk shall provide Plaintiff with a copy of the Court's *pro se* civil rights

10  complaint form along with this order.

11      IT IS SO ORDERED.

12  DATED:  May 1, 2009

13

14  JEFFREY S. WHITE
    United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                        5

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

GARY J. LOMBARDO,

        Plaintiff,

  v.

R.L. AYERS et al,

        Defendant.

_____/

Case Number: CV09-00206 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 4, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gary Joseph Lombardo
F03275
San Quentin State Prison
San Quentin, CA 94974

Dated: May 4, 2009

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk